## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MICHAEL REAGOSO
254 Wanda Road
Pasadena, MD 21122

*Plaintiff,*

vs.

Case Number: 1:24-cv-01159

USAA GENERAL INDEMNITY
COMPANY
9800 Fredericksburg Road
San Antonio, TX 78288

*Defendant.*

### COMPLAINT

Plaintiff, Michael Reagoso, hereby sues Defendant, USAA General Indemnity Company, and in support thereof states as follows:

### JURISDICTION AND VENUE

1.      This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C.A. §1332(a)(1). The amount in controversy exceeds the sum of $75,000 and is between citizens of different states.

2.      This Court has specific personal jurisdiction over Defendant, pursuant to Md. Code Ann. Cts. & Jud. Proc. §6-103(b)(1). Defendant, though based in Illinois, actively and regularly engages in insurance coverage in multiple states, including Maryland.

3.      Venue is appropriate pursuant to 28 U.S.C.A. §1391(b)(2). The events giving rise to the claim occurred within this jurisdiction and the property that is the subject of the action is situated within this jurisdiction.

### PARTIES

4.      Plaintiff is a resident of Maryland.

5.      Defendant is a corporation with its principal place of business in Texas.

## FACTS COMMON TO ALL CLAIMS

6.      Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

7.       Plaintiff's residence at 254 Wanda Road, Pasadena, MD 21122 (the "Property").

8.      At all times relevant hereto, Plaintiff maintained a homeowner's insurance policy, policy number #01349485791A, with Defendant (the "Policy").

9.      The Policy provided homeowner's insurance coverage for the Property, including improvements thereon and the contents therein.

10.      The Policy is an indemnification policy, wherein Defendant promises to return Plaintiff's Property to its pre-loss condition, within policy limits.

11.      On August 4, 2020, a storm caused damage to Plaintiff's residence. The Plaintiff's claim is claim #013494857-023.

12.      Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

13.      Defendant and its agents requested and were given access and the opportunity to inspect the Property and all reported damage arising from the claim described in paragraph 11 above.

14.      On or about September 1, 2020, Defendant conducted an inspection of the dwelling and observed covered damage to the Property.

15.      Defendant set about to underpay for the properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property. To this date, Plaintiff has yet to receive the full payment to which they are entitled under the Policy.

16.      Plaintiff hired Semper Fi Public Adjusters LLC ("Semper Fi") to evaluate the claim and secure proper indemnification from Defendant.

17.      Semper Fi inspected the Property and found storm damage to the roof and exterior of the Property.

18.      Semper Fi submitted a letter of representation to Defendant requesting copies of Defendant's scope of work, communications with Plaintiff, and Plaintiff's certified policy.

19.     Semper Fi has submitted an estimate to Defendant for the scope of work on Plaintiff's claim and has made reasonable requests for full indemnification on Plaintiff's claim, which Defendant has rejected without reasonable explanation.

20.     In denying Semper Fi's scope of work and reasonable demands for payment, Defendant failed to consider all the facts available and did not provide a reasonable explanation for denying Semper Fi's demand.

21.     In particular, Defendant refused to consider any evidence submitted by Semper Fi, and relied solely on the evidence of its own inspectors.

22.     In denying Semper Fi's scope of work and reasonable demands for payment, Defendant failed to consider all the facts available, including evidence submitted by Semper Fi, and did not provide a reasonable explanation for denying Semper Fi's demand.

23.     In failing to consider all available facts and evidence, Defendant did not reject Semper Fi's scope of work and reasonable demands for payment based on honesty and/or diligence.

24.     Defendant refused to negotiate with Semper Fi regarding Semper Fi's scope of work and estimate.

25.     To date Plaintiff's claim remains severely underpaid. Semper Fi's estimate of the amount required to restore Plaintiff's residence to a pre-loss condition is $85,289.02. The amount currently in dispute is $70,338.57.

26.     Plaintiff filed a complaint with the Maryland Insurance Administration which is case number 27-1001-22-00051. On August 22, 2022, the Maryland Insurance Administration denied relief to Plaintiff.

**COUNT I: BREACH OF CONTRACT**

27.     Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

28.     To attain relief for breach of contract, a Plaintiff must prove a valid contractual obligation and the other party's breach of that obligation (*Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*, 348 F.Supp.3d 458, 466 (D.Md., 2018)).

29.     A contract is formed when an unrevoked offer made by one person is accepted by another. An essential element of contract formation is a mutual assent by the parties to the terms thereof; thus, to establish a contract, the minds of the parties must be in agreement as to its terms. Mutual assent includes intent to be bound and definiteness of terms. A contract must express the nature and extent of the parties' obligations and the essential terms of the agreement (*Class Produce Group, LLC v. Harleysville Worcester Insurance Company*, 2018 WL 1471682, 6 (D. Md., 2018)). In Maryland, a party suffering a breach of contract is entitled to recover as damages

the amount that would place him in the position he would have been in, had the contract not been broken (*Bierman Family Farm, LLC v. United Farm Family Insurance Company*, 265 F.Supp.3d 633 (D.Md., 2017)).

30.     The written language embodying the terms of an agreement will govern the rights and liabilities of the parties, irrespective of the intent of the parties at the time they entered into the contract. When the clear language of a contract is unambiguous, the court will give effect to its plain, ordinary, and usual meaning, taking into account the context in which it is used. The words in the policy must be accorded their customary, ordinary, and accepted meaning, unless there is an indication that the parties intended to use the words in a technical sense. Any ambiguity will be construed liberally in favor of the insured and against the insurer as drafter of the instrument (*Charter Oak Fire Company v. American Capital Ltd.*, 2017 WL 3315306, 6 (D.Md., 2017)).

31.     Plaintiff's homeowners' insurance policy with Defendant constitutes a binding contract.

32.     Defendant's failure and/or refusal to pay adequate compensation on Plaintiff's policy with Defendant as is its obligation under the terms of the policy in question, and under the laws of Maryland, constitutes a breach of Defendant's insurance contract with Plaintiff. Defendant has failed to cite a policy exclusion that would provide adequate grounds for denial of coverage to Plaintiff.

33.     As a result of Defendant's breach of the Policy and Defendant's failure to pay Plaintiff's claim for the damages thereunder, Plaintiff has suffered and will continue to suffer damages.

34.     Plaintiff has invoked her right under the subject policy to appraise the disputed loss and relayed such demand to Defendant. Said provision reads:

> *"Appraisal*
> *If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other."*

35.     To the extent that Defendant refuses to comply with the subject policy – and notify Plaintiff of its selected appraiser within twenty (20) days – Plaintiff will respectfully request an order from this Court, compelling Defendant to participate in the appraisal process.

36.     WHEREFORE, Plaintiff seeks such relief as specified in Plaintiff's' Prayer for Relief below.

## COUNT II: FAILURE TO SETTLE CLAIMS IN GOOD FAITH PURSUANT TO CTS. & JUD. PROC. §3-1701

37.     Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

38.     Md. Code, Ins. § 27-1001(a) defines good faith as an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on a claim.

39.     Maryland further provides, under Md. Code, Ins. § 27-1001; Md. Code, Cts. & Jud. Proc. § 3-1701, that an insured may recover damages if an insurer does not act in good faith in settling a claim under a property insurance policy. The statute, as written, provides explicitly for a private cause of action following the exhaustion of remedies under Md. Code, Ins. § 27-1001. Md. Code, Cts. & Jud. Proc. § 3-1701(c)(2)(iii) expressly removes requirements of exhaustion of process under Md. Code, Ins. § 27-1001, prior to the filing of the independent action, for Commercial Policies over $1,000,000. As such, this count is ripe for review as part and parcel of the complaint under Md. Code, Ins. § 27-1001; Md. Code, Cts. & Jud. Proc. § 3-1701, as the obligations provided for under Md. Code, Ins. § 27-301-306 provides expressly that "**This subtitle does not** provide or **prohibit a private right or cause of action** to, or on behalf of, a claimant or other person in any state," and "This subtitle does not impair the right of a person to seek redress in law or equity for conduct that otherwise is actionable."

40.     Defendant, throughout the claim, has not formed judgments supported by the evidence, or based on honesty or diligence.

41.     Defendant has repeatedly made false representations in substantiation of positions made arbitrarily and capriciously, without reasonable support by the evidence, or with the diligence to have sought the information requisite to form the basis of such decisions.

42.     Defendant acted in this way to limit payment on a claim in violation of Md. Code, Ins. § 27-1001; Md. Code, Cts. & Jud. Proc. § 3-1701.

43.     Defendant's actions have caused substantial and continuing damages to Plaintiff.

44.     Defendant has an obligation to act in good faith and, in addition to the private right of action granted under this section, Defendant is also bound in its behavior by Md. Code, Ins. § 27-301 through § 27-306 and COMAR 31.15.07.

45.     As a result of this Failure to Act in good faith as defined by Md. Code, Ins. § 27-1001; Md. Code, Cts. & Jud. Proc. § 3-1701, Plaintiff's Property cannot be fully repaired, and Plaintiff remains only partially compensated for the necessary repairs to Plaintiff's Property.

46.     As provided under Md. Code, Ins. § 27-1001; Md. Code, Cts. & Jud. Proc. § 3-1701, Plaintiff requests actual damages, which actual damages may not exceed the limits of the applicable policy.

47.     As provided under Md. Code, Ins. § 27-1001; Md. Code, Cts. & Jud. Proc. § 3-1701, Plaintiff demands expenses and litigation costs incurred by the insured in an action under § 3-1701, or § 27-1001 of the insurance article, or both, including reasonable attorney's fees.

48.     As provided under Md. Code, Ins. § 27-1001; Md. Code, Cts. & Jud. Proc. § 3-1701, Plaintiff demands interest on all actual damages, expenses, and litigation costs incurred by the insured, computed at the rate allowed under § 11-107(a), and from the date on which Plaintiff's claim would have been paid if the insurer acted in good faith.

49.     WHEREFORE, Plaintiff seeks such relief as specified in Plaintiff's Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby demands judgment of and from the Defendant for damages sustained in an amount exceeding seventy-five thousand dollars ($75,000), or in such amount as is proven at trial, plus prejudgment interest from the date Plaintiff's claim would have been paid if Defendant acted in good faith, reasonable attorney's fees, litigation expenses and costs, post-judgment interest at the legal rate, and such other and further relief as this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for this case.

*Respectfully submitted*,


/s/ Allan Poteshman
Allan Poteshman,
Federal Bar No. 20879
Foundation Legal, LLC
114 Charles Street
Rockville, Maryland, 20850
Phone: (240) 490-1070
Email: allan@foundationlegal.net
Co-Counsel for Plaintiff

/s/ Shaun W. Hodge
Shaun W. Hodge
Federal Bar No. 30795
Hodge Law Firm, LLC
1301 Market St.
Galveston, TX  77550
Phone: (409) 762-5000
Email: shodge@hodgefirm.com
*Co-Counsel for Plaintiff*