UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                         101 West Lombard Street
**George L. Russell, III**                                          Baltimore, Maryland 21201
Chief United States District Judge                                  410-962-4055

November 12, 2024

MEMORANDUM TO COUNSEL RE:                    Reagoso v. USAA Casualty Insurance Co.
                                             Civil Action No. GLR-24-1159

Dear Counsel:

Pending before the Court is Plaintiff Michael Reagoso's Motion to Compel Appraisal and Stay Litigation Pending Appraisal (ECF No. 11). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will grant the Motion.

**Background**[1]

Reagoso's claim arises out of an insurance coverage dispute for his property at 254 Wanda Road, Pasadena, MD 21122 (the "Property"). (Am. Compl. ¶¶ 7, 15, ECF No. 3). Reagoso maintains a homeowner's insurance policy, policy number #01349485791A (the "Policy"), for the Property with Defendant USAA Casualty Insurance Company ("USAA CIC"). (Id. ¶ 8). The Policy provides homeowner's coverage for the Property "including improvements thereon and the contents therein" and an indemnification policy "wherein Defendant promises to return Plaintiff's Property to its pre-loss condition, within policy limits." (Id. ¶¶ 9–10).

On August 4, 2020, a storm caused damage to the Property. (Id. ¶11). Reagoso submitted a claim requesting that USAA CIC cover the cost of repairs to the Property. (Id. ¶ 12). On or about September 1, 2020, USAA CIC investigated the property and estimated damages. (Id. ¶¶ 14–15). Reagoso alleges that USAA CIC's investigation of his claim was "unreasonable" and under-scoped the damages of his claim. (Id. ¶ 15). Reagoso later independently hired Semper Fi Public Adjusters LLC ("Semper Fi") to inspect the Property and estimate damages and scope of work. (Id. ¶¶ 16–17). Semper Fi submitted their damages and scope of work estimate of $85,289.02 to USAA CIC, which USAA CIC denied. (Id. ¶¶ 19–20, 25). Reagoso filed a complaint with the Maryland Insurance Administration ("MIA"), which was denied on August 22, 2022. (Id. ¶ 26).

Reagoso filed an initial Complaint in this Court against Defendant USAA General Indemnity Company ("USAA GIC") on April 22, 2024 (ECF No. 1). Reagoso filed an Amended

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Complaint naming USAA CIC as the defendant on June 13, 2024, (ECF Nos. 3, 5), and USAA GIC was terminated as a defendant. Reagoso brings claims for breach of contract and failure to settle claims in good faith under Maryland Code, Courts & Judicial Procedure § 3- 1701. (Am. Compl. at 3–6).[2] Reagoso seeks damages, including pre-judgment and post-judgment interest, attorney's fees, and litigation expenses. (Id. at 6). On July 1, 2024, Reagoso filed this instant Motion to Compel Appraisal and Stay Litigation Pending Appraisal. (ECF No. 11). USAA CIC filed an Opposition on September 23, 2024. (ECF No. 31). To date, Reagoso has not filed a reply.

**Choice of Law**

The parties agree that Maryland law governs this contractual dispute. It is axiomatic that federal courts exercising diversity jurisdiction over a matter "apply the choice of law rules of the forum state." CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009). In Maryland, the doctrine of lex loci contractus applies when interpreting contracts, including insurance contracts. See Allstate Ins. v. Hart, 611 A.2d 100, 101 (Md. 1992). Under this doctrine, the court applies the substantive law of the state where the contract was made to determine its validity and construction. Id. Normally, "a contract is made where the last act necessary to make the contract binding occurs." Millennium Inorganic Chems. Ltd. v. Nat'l Union Fire Ins., 893 F.Supp.2d 715, 725 (D.Md. 2012). The parties do not dispute that Reagoso entered the contract as a Maryland resident and thus Maryland law applies.

It is well settled that in Maryland, "the interpretation of an insurance policy is governed by the same principles generally applicable to the construction of other contracts." Curtis v. GEICO Cas. Co., No. ELH-22-1857, 2023 WL 2712608, at *9 (D.Md. Mar. 29, 2023) (quoting Mitchell v. AARP, 779 A.2d 1061, 1069 (Md.Ct.Spec.App. 2001)).[3] Thus, "ordinary principles of contract interpretation apply." Id. (quoting Megonnell v. United Servs. Auto Ass'n, 796 A.2d 758, 772 (Md. 2002)). "[U]nlike the majority of other states, Maryland does not follow the rule that insurance policies are to be most strongly construed against the insurer." Id. (quoting Capital City Real Est., LLC v. Certain Underwriters at Lloyds London, 788 F.3d 375, 379 (4th Cir. 2015)). Finally, "[p]arties to a contract 'are presumed to contract mindful of the existing law and [] all applicable or relevant laws must be read into the agreement of the parties just as if expressly provided by them, except where a contrary intention is evident.'" Id. (quoting Connors v. Gov't Emps. Ins. Co., 113 A.3d 595, 603 (Md. 2015)).

**Standard of Review**

"In Maryland, this Court has long recognized that, notwithstanding the distinctions between an appraisal under an insurance policy appraisal clause and arbitration, appraisal is analogous to arbitration. Consequently, this Court has applied arbitration law to appraisal clauses in insurance policies." Brethren Mut. Ins. Co. v. Filsinger, 458 A.2d 880, 883–84

---

[2] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.
[3] Effective December 14, 2022, the Court of Special Appeals of Maryland was renamed the Appellate Court of Maryland.

(Md.Ct.Spec.App. 1983) (cleaned up); Aetna Cas. & Sur. Co. v. Ins. Comm'r, 445 A.2d 14, 20 (Md. 1982). "[M]otions to compel arbitration exist in the netherworld between a motion to dismiss and a motion for summary judgment." PC Constr. Co. v. City of Salisbury, 871 F.Supp.2d 475, 477 (D.Md. 2012) (alteration in original) (quotation omitted). When the Court refers only to the pleadings and documents integral to the pleadings, then the Court should analyze the motion under the standard for Federal Rule of Civil Procedure 12(b)(6). See id. at 477–78; see also Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006). When the Court considers evidence beyond the pleadings and documents integral to the pleadings, the Court must analyze the motion under the Rule 56 standard for summary judgment. PC Constr. Co., 871 F.Supp.2d at 477–78. Here, the Court considers only Reagoso's Amended Complaint and the Policy itself, which is integral to the Complaint, and its authenticity is not disputed. See Blankenship, 471 F.3d at 526 n.1. Accordingly, the Court will evaluate the Motion under the Rule 12(b)(6) standard.

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**Discussion**

Reagoso moves to compel an appraisal of his property under the appraisal provision in the Policy, (Pl.'s Mot. Compel Appraisal & Stay ["Mot."] at 1, ECF No. 11), which states:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a

written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

(Policy at 47, ECF No. 11-1). USAA CIC argues that Reagoso waived his contractual right to appraisal by failing to request appraisal at the first reasonable opportunity and that this case involves legal determinations inappropriate for appraisal. (Def.'s Opp'n Pl.'s Mot. Compel Appraisal & Stay ["Opp'n"] at 1, ECF No. 31). The Court will address each argument in turn.

First, in regard to waiver, USAA CIC argues that Reagoso waived his right to invoke the appraisal clause by filing an administrative complaint with the MIA, by filing the instant lawsuit, and by waiting three years from USAA CIC's claim decision to invoke the appraisal clause. (Opp'n at 7–11). "The doctrine of waiver may work to deprive an insurer [or insured] of a right it would otherwise possess." Creveling v. Gov't Emps. Ins. Co., 828 A.2d 229, 243 (Md. 2003). "In insurance law, waiver requires 'an actual intention to relinquish an existing right, benefit, or advantage, with knowledge, either actual or constructive, of its existence, or such conduct as to warrant an inference of such intention to relinquish.'" Id. (quoting GEICO v. Med. Servs., 589 A.2d 464, 466 (Md. 1991)). "A party may waive its right to insist on arbitration if the party 'so substantially utilizes the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay,'" but the "dispositive question is whether the party objecting to arbitration has suffered actual prejudice." MicroStrategy, Inc. v. Lauricia, 268 F.3d 244, 249 (4th Cir. 2001) (quoting Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc., 817 F.2d 250, 252 (4th Cir. 1987)) (cleaned up). The party opposing arbitration or, as here, appraisal "bears the heavy burden of proving waiver." Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 95 (4th Cir. 1996). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983).

The Court finds that USAA CIC has not met its "heavy burden" of showing that Reagoso waived his right to appraisal. Am. Recovery Corp., 96 F.3d at 95. The Policy does not set a time limit for invoking appraisal, and Reagoso's actions have not evinced an intent to relinquish his right to appraisal under the Policy. Rather, Reagoso and USAA CIC have both been attempting to resolve the dispute throughout this time period through the use of a public adjustor and the MIA. Neither delay nor the filing of a lawsuit constitute waiver unless the opposing party can show it has suffered actual prejudice. MicroStrategy, 268 F.3d at 249. Here, USAA CIC argues that it suffered prejudice because it "incurred significant legal and defense expert expenses to litigate the administrative action and this civil suit during a period of extensive delay." (Opp'n at 9). However, the Court finds that USAA CIC has not demonstrated actual prejudice where the case is still in its early stages, and USAA CIC has not engaged in briefing beyond this instant motion. Multiple

courts in this district have recently concluded that the plaintiff did not waive appraisal where the plaintiff waited years to invoke the appraisal clause and only sought appraisal after first bringing proceedings before the MIA and then filing suit in federal court. See, e.g., Gray v. Philadelphia Contributionship, No. JKB-24-0897, 2024 WL 4170791, at *5 (D.Md. Sept. 12, 2024); see also Thompson v. Allstate Prop. & Cas. Ins. Co., No. JMC-22-02379, 2024 WL 3161586, at *1, 5 (D.Md. June 25, 2024). Accordingly, the Court finds that Reagoso has not waived his right to appraisal.

Second, USAA CIC argues that Reagoso's Motion to Compel Appraisal should be denied because the issues in this matter require legal determinations improper for appraisal, namely, contractual and building code interpretations. (Opp'n at 11–16). USAA CIC contends that the public adjuster Reagoso hired misapplied the building code applicable in Anne Arundel County, which resulted in an overestimate of the damages and scope of work. (Id. at 14). The Court agrees that causation, contract interpretation, and policy interpretation issues in this case remain within the province of this Court. However, this is not a situation where "the parties' dispute centers on whether the insured is entitled to coverage at all, rather than the exact value of loss that the parties agree is covered." New Hope Church of God Waldorf v. Bhd. Mut. Ins., No. MJM-23-2341, 2024 WL 3638031, at *2 (D.Md. Aug. 2, 2024). Instead, the parties agree that Reagoso is entitled to some coverage but disagree as to the scope of the coverage. Contra New Hope, 2024 WL 3638031, at *2 (denying motion to compel appraisal where "[d]efendant denie[d] that [p]laintiff experienced a covered loss at all"). "[T]he fact that the parties disagree over one . . . category of coverage does not mean that appraisal must be thrown out altogether." Gray, 2024 WL 4170791, at *6. Instead, the Court will adopt the procedure Magistrate Judge Coulson laid out in Thompson:

> [T]he Court will grant Plaintiff's motion and compel the parties to engage in the appraisal process to better determine the precise value of loss to Plaintiff's residence resulting from a covered peril. However, the Court will also require the appraisers to itemize their damage reports such that Defendant will be able to contest whether any particular damages are excluded from the Policy's coverage. This solution recognizes Plaintiff's contractual right to invoke appraisal under the Policy, preserves Defendant's ability to contest the scope of covered losses under the Policy following that appraisal, and accords with the Court's general sentiment of encouraging alternate dispute resolution methods for the sake of efficiency and judicial economy.

2024 WL 3161586, at *6. [4]

---

[4] The Court will also grant Reagoso's Motion to Stay (ECF No. 11). Motions to stay discovery are properly considered under Federal Rule of Civil Procedure 26(c). Wymes v. Lustbader, No. WDQ-10-1629, 2012 WL 1819836, at *3 (D.Md. May 16, 2012). The Court has discretion to stay discovery where good cause exists. Id. (quoting Bragg v. United States, No. 10-683, 2010 WL 3835080, at *1 (S.D.W.Va. Sept. 29, 2010)). Here, the Court finds that because of

**Conclusion**

        For the foregoing reasons, Reagoso's Motion to Compel Appraisal and Stay Litigation Pending Appraisal (ECF No. 11) is GRANTED subject to the following procedure: the Parties are DIRECTED to instruct the appraisers to itemize their damage reports such that, after appraisal has concluded, USAA CIC will be able to contest whether any particular damages are excluded from the Policy's coverage. The parties shall CONFER and JOINTLY INDICATE to the Court within fourteen (14) days from the date of this Order the competent and impartial appraisers they will utilize as well as whether the parties/appraisers have agreed upon a competent and impartial appraisal umpire. This case is STAYED pending completion of appraisal. The parties shall FILE a joint status report upon the completion of appraisal. The Parties shall also FILE a joint status report within 60 days of the date of this Order informing the Court of the status of the appraisal process.

        Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
Chief United States District Judge

---

the pending appraisal, the interests of judicial economy weigh in favor of a stay. Accordingly, the Court will stay this case pending appraisal.